10-671-cr
United States v. Jansen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand eleven.

PRESENT:

>  DEBRA ANN LIVINGSTON,
>  DENNY CHIN,
>  RAYMOND J. LOHIER, JR.,

>  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>  *Appellee*,

-v.-                                                            No. 10-671-cr(L)
                                                               No. 10-1486-cr(CON)[*]

AMANDA D. JANSEN,

>  *Defendant-Appellant*,

CHRISTOPHER I. JANSEN,


>  *Defendant*.[**]

---

[*] Withdrawn pursuant to this Court's Order filed July 1, 2011.

[**] The Clerk of Court is directed to amend the official caption to conform with the caption above.

JAMES P. EGAN (Lisa A. Peebles, *on the brief*), *for* Alexander Bunin, Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY, *for Defendant-Appellant*.

PAUL D. SILVER, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Albany, NY, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Amanda D. Jansen ("Jansen") appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), entered February 24, 2010, convicting her, pursuant to her guilty plea, of one count of conspiracy to transport minors in interstate commerce with intent to engage in sexual activity, in violation of 18 U.S.C. § 2423(a), (e), and two counts of aiding and abetting another to cross state lines with intent to engage in a sexual act with a minor and engaging in a sexual act with a minor, in violation of 18 U.S.C. § 2241(c). The district court sentenced Jansen to a life term of imprisonment on each count, to run concurrently, a life term of supervised release in the event Jansen is released, $68,400 in restitution, and a $300 special assessment. Jansen appeals from the sentence imposed by the district court on both procedural and substantive grounds. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In an appeal from a sentence imposed by the district court, "the role of the Court of Appeals is limited to examining a sentence for reasonableness, which is akin to review under an 'abuse-of-discretion' standard." *United States v. Hasan*, 586 F.3d 161, 167 (2d Cir. 2009). We apply this deferential standard "both to the [substantive reasonableness of the] sentence itself and to the procedures employed in arriving at the sentence." *Id.* at 168 (alteration in original) (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008)). We seek first to "ensure that the

2

district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

When no such procedural error has occurred, "substantive reasonableness reduces to a single question: 'whether the District Judge abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (quoting *Gall*, 552 U.S. at 56). In conducting this inquiry, "we will not substitute our own judgment for the district court's," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), and will set aside its decision only when it "cannot be located within the range of permissible decisions," *id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). We will reverse based on substantive unreasonableness only in those "few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Thus, while we do not presume that a Guidelines standard is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

**A. Procedural Error**

Jansen contends on appeal that the district court committed procedural error in determining her sentence because the court failed to consider and address Jansen's arguments in support of a non-Guidelines sentence. We are unpersuaded. "We have time and time again made it clear that

3

we do not insist that the district court address every argument the defendant has made." *United States v. Thomas*, 628 F.3d 64, 72 (2d Cir. 2010) (internal quotation marks omitted). Moreover, "we never have required a District Court to make specific responses to points argued by counsel in connection with sentencing." *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). "Rather, the District Court must satisfy us only that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority." *Thomas*, 628 F.3d at 72 (internal quotation marks omitted).

Here, contrary to Jansen's assertion that the district court did not address her lack of prior criminal history, the court stated that it had considered the "factors listed in 18 U.S.C. § 3553(a)." Sentencing Tr. at 19; *see also* 18 U.S.C. § 3553(a)(1) (stating that a district court must consider "the history and characteristics of the defendant" in determining a defendant's sentence). Further, the court *accepted* Jansen's contention that she had accepted responsibility for her actions, and expressly considered her argument that her psychological disorder rendered her less culpable. Sentencing Tr. at 19. In rejecting Jansen's arguments and deciding to impose a Guidelines sentence of life imprisonment, the district court provided a thorough account of its reasons for so doing. We therefore conclude that the district court did not err on the procedural grounds asserted by Jansen.

**B. Substantive Reasonableness**

Jansen also challenges the substantive reasonableness of her sentence. She contends that the district court erred in imposing a sentence equivalent to that of her co-defendant, Christopher I. Jansen, despite differences in their respective criminal histories and individual characteristics. We disagree. The district court explicitly acknowledged that Jansen was "not . . . as despicable as [her co-defendant] was, but [that she] was still pretty bad." Sentencing Tr. at 20. Further, the court weighed the grave nature of Jansen's offense against her alleged psychological impairments, and concluded that a Guidelines sentence would be sufficient but not greater than necessary to fulfill the

4

purposes of the factors listed in § 3553(a). The district court reasoned, based on facts supported by the record, that despite her alleged psychological disorders, Jansen had both the ability and ample opportunity to prevent the offenses from occurring. Sentencing Tr. at 20. As we are satisfied that the district court fully considered, *inter alia*, the "history and characteristics of" Jansen, 18 U.S.C. § 3553(a)(1), and "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), we perceive no abuse of discretion in the sentence it imposed following this consideration.

*  *  *

We have considered Jansen's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5