10-1550-cr
United States v. Freeman

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of January, two thousand twelve.**

PRESENT:

    JOSÉ A. CABRANES,
    ROSEMARY S. POOLER,
    RICHARD C. WESLEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

    -v.-                            No. 10-1550-cr

RASHEED FREEMAN,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                      Kafahni Nkrumah, Law Office of Kafahni Nkrumah L.L.P., New York, NY.

**FOR APPELLEE:**                       Todd Kaminsky, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*; Emily Berger, *of counsel*), Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Rasheed Freeman appeals from a judgment of the District Court sentencing him principally to a term of imprisonment of 346 months. We assume the parties' familiarity with the underlying facts and the procedural history, some of which we briefly reiterate here.

This appeal arises out of Freeman's conviction at trial on charges of armed bank robbery, in violation of 18 U.S.C. § 2113(a) ("Count 1"), and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2"). At sentencing, the District Court deemed Freeman a career offender based on his three previous felony convictions pursuant to U.S.S.G. §§ 4B1.1. The court then considered each of the factors it was required to consider under 18 U.S.C. § 3553(a), and explained that Freeman's extensive criminal and prison disciplinary record demonstrated a pattern of increasing violence and lack of rehabilitation. Determining that a lengthy prison sentence was necessary to prevent Freeman from committing other violent crimes, the court sentenced him to 262 months on Count 1, and an additional 84 months—the statutory minimum sentence—on Count 2. The total term of imprisonment imposed was 346 months.

Freeman argues on appeal only that (1) the District Court abused its discretion by not finding that the career offender guideline overstated his previous criminal activity and therefore granting a discretionary downward departure from the suggested Guidelines range of imprisonment, and (2) the sentence imposed was substantively unreasonable because the term of imprisonment is significantly longer than the terms of imprisonment he served for his prior felonies. Freeman does not dispute the District Court's finding that his criminal history qualifies him as a career offender.

Because Freeman appears to challenge only the substantive reasonableness of his sentence,[1] we review the District Court's decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). "[O]ur role in sentencing appeals is to 'patrol the boundaries of reasonableness, while heeding the Supreme Court's renewed message that responsibility for sentencing is placed largely in the precincts of the district courts.'" *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009) (quoting *Cavera*, 550 F.3d at 191). However, appellate review has not become, and should not become, a "rubber stamp." *Id.* (quoting *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006)). Instead, our review for substantive reasonableness is similar to the consideration, in a motion for a new trial in a criminal case following a jury verdict, of "whether a guilty verdict is manifestly unjust," *id.*, and in adjudicating "intentional torts by state actors," where we ask whether the state's action shocks the conscience, *id.* Accordingly, a "trial court's sentencing decision will be classified as error only if it 'cannot be located within the range of permissible decisions.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *Cavera*, 550 F.3d at 189).

Freeman aims his substantive unreasonableness argument primarily at the District Court's substantial reliance upon his criminal history in calculating his sentence. "At the substantive stage of reasonableness review, an appellate court may consider whether a factor relied on by a sentencing court can bear the weight assigned to it." *Cavera*, 550 F.3d at 191. In doing so, "we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* (citation omitted). Given the reasons for sentence stated by the District Court on the record, we cannot find that the sentence imposed gives inappropriate weight to Freeman's criminal history, or indeed to any particular factor. On the contrary, the sentence appears to have been carefully tailored to

---

[1] To the extent Freeman argues that his sentence was procedurally unreasonable because the District Court declined to depart from the career offender guideline, his argument is meritless. We will not reverse a District Court's refusal to grant a downward departure, unless the court erroneously believed that it did not have the authority to depart or unless the sentence was otherwise illegal. *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005). Here, the District Court clearly understood its authority to depart downwardly, for it referred to the Guidelines as "advisory." Freeman does not suggest any other way in which his sentence was procedurally unreasonable, and the record does not reveal anything of the sort. Therefore, we reject any allegation that Freeman's sentence was procedurally unreasonable.

Freeman's unique circumstances in order to achieve the goals of sentencing.[2] *See id.* (a deferential approach "is consistent with and follows from the Supreme Court's emphasis on 'individualized' sentencing").

In conclusion, we have considered each of the defendant's arguments and found them to be meritless. Accordingly, we AFFIRM the April 8, 2010 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001), upon which the defendant heavily relies, is not to the contrary. *Mishoe* stated that one factor a sentencing judge may consider is the proportionality between the new sentence and the defendant's prior sentences. But *Mishoe* did not impose a requirement of proportionality. Instead, it merely conveyed a suggestion to the district courts.

Indeed, *Mishoe* itself undermines the defendant's argument that his sentence cannot be reasonable when it is six times greater than any of his previous sentences. *Mishoe* provides two examples of ratios of current sentences to prior sentences. The *Mishoe* court begins by noting that "[i]f, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years." *Id.* at 220. Freeman argues that his sentence is unreasonable in light of this ratio. But *Mishoe*'s second ratio makes clear that a sentencing court, faced with a defendant who seems to defy rehabilitation, is free to exercise its discretion and, within the bounds of reasonableness, craft a sentence many times larger than any previous sentence: "Conversely, if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect." *Id.* *Mishoe*'s own language makes clear that even if the District Court were bound to observe a rule of proportionality set by *Mishoe*, the multiple of six by which Freeman's newest sentence differs from his longest previous sentence falls clearly within the court's discretion.

4