United States v. Miller

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
      <u>Chief Judge</u>,
  RICHARD C. WESLEY,
  SUSAN L. CARNEY,
      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
 <u>Appellee</u>,

 -v.-             10-5105

DAVID MILLER,
 <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:    James P. Egan, Research & Writing Specialist (Lisa Peebles, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, <u>on the brief</u>), Syracuse, New York.

1

**FOR APPELLEE:** Elizabeth S. Riker, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

David Miller appeals from a judgment of conviction, following a guilty plea to one count of receipt and distribution of child pornography and one count of possession. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Miller argues that there was nothing in the record to support the finding that he had been viewing child pornography since he was a teenager. Miller failed to object at sentencing, must therefore show plain error, and has not. See <u>United States v. Bonilla</u>, 618 F.3d 102, 111 (2d Cir. 2010). He admitted (on two occasions) to viewing child pornography in his teens and apologized for continuing to view it.

Miller argues that his 192-month sentence is substantively unreasonable. But it is below the applicable Guidelines range, and it falls "within the range of permissible decisions." See <u>United States v. Rigas</u>, 583 F.3d 108, 124 (2d Cir. 2009) (internal quotation marks omitted). The discussion of the Sentencing Guidelines in <u>United States v. Dorvee</u>, 616 F.3d 174, 184-88 (2d Cir. 2010), is not to the contrary. Miller possessed thousands of images and videos of child pornography, some of which depicted sexual violence and prepubescent children; and over the course of at least twenty-three months, he received and

distributed the files to others through peer-to-peer technology.

Finding no merit in Miller's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK