09-1799-cr
*USA v. Bonilla*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2009

Docket No. 09-1799-cr

Submitted: April 20, 2010                                        Decided: August 13, 2010

_____

UNITED STATES OF AMERICA,

*Appellee*,

- v.-

ANGEL ADAN BONILLA,

*Defendant-Appellant*.

_____

Before:  MINER, CABRANES, and WESLEY, Circuit Judges.

Motion by Government for summary affirmance of a judgment of conviction and sentence entered in the United States District Court for the Northern District of New York (Mordue, J.) following a plea of guilty to illegally reentering the United States after having been deported, appellant having filed a brief on appeal challenging as procedural error the inclusion of a 16-level enhancement for a prior act of violence, resulting in what appellant argues is a substantively unreasonable sentence of imprisonment of 57 months; and challenging an increase in the maximum sentence for a prior felony conviction.

Motion granted.

James F. Greenwald, Assistant Federal Public Defender (James P. Egan, Research & Writing Specialist, *on the brief*; Alexander Bunin, Federal Public Defender), Syracuse, New York, *for Defendant-Appellant*.

Paul D. Silver, Assistant United States Attorney (Richard R. Southwick, Assistant United States Attorney, *of counsel*; Richard S. Hartunian, United States Attorney for the Northern District of New York), Albany, New York, *for Appellee*.

MINER, <u>Circuit</u> <u>Judge</u>:

Before the Court is a motion by the Government for summary affirmance of a judgment of conviction and sentence entered in the United States District Court for the Northern District of New York (Mordue, <u>J.</u>). The judgment was entered following a plea of guilty by defendant-appellant Angel Adan Bonilla ("Bonilla"), a citizen of El Salvador, to the crime of illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a)(1), (a)(2). Bonilla has filed a brief on appeal challenging as procedural error the inclusion of a 16-level enhancement for a prior act of violence, resulting in what Bonilla argues is a substantively unreasonable sentence of imprisonment of 57 months. He also challenges an increase in the maximum sentence for a prior felony conviction. We grant the Government's motion for summary affirmance of the judgment for the reasons given below.

## BACKGROUND

On October 2, 2008, in a single count indictment, a grand jury charged that Bonilla,

> an alien, having been previously removed from the United States, did knowingly and unlawfully enter and was thereafter found in the United States in Syracuse, New York, not having obtained the express consent of the Attorney General of the United States or his/her successor, the Secretary of the Department of Homeland Security (Title 6 United States Code, Sections 202(3), (4), and 557) for reapplication for admission into the United States.

1

In violation of Title 8 United States Code, 1326(a)(1) & (2).

On November 25, 2008, Bonilla entered a plea of guilty to the indictment without a Plea Agreement. In a pre-sentence report calculating the applicable United States Sentencing Guidelines range, the probation department found a base offense level of 8 and increased it by 16 levels for a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). The crime of violence referred to was an attempted felonious assault for which Bonilla was convicted in the State of Michigan. The base offense level of 24 thus determined was reduced in the pre-sentence report by 3 levels for acceptance of responsibility. Applying a criminal history level of IV, the probation department calculated a Guidelines range of 57–71 months.

In his sentencing memorandum, Bonilla argued that he did not admit to his conviction for felonious assault in Michigan as part of his plea allocution, that the conviction was not alleged in the indictment or found by a jury beyond a reasonable doubt, and, therefore, that his maximum statutory term of imprisonment was two years, in accordance with 8 U.S.C. § 1326(a) rather than ten years in accordance with 8 U.S.C. § 1326(b)(1).

Bonilla also challenged the appropriateness of the 16-level enhancement applied to his Guidelines range calculation. Conceding that his conviction for attempted felonious assault was a crime of violence that fit within the provisions of U.S.S.G. § 2L1.2(b)(1)(A)(ii), Bonilla sought a variance from the 16-level enhancement, contending that it overstated his potential for dangerousness and resulted in a sentence greater than necessary. In support of these contentions, Bonilla argued that the 16-level enhancement provided for in the Guidelines "was not derived from any empirical study of sentencing data or recidivism" but "was enacted by the Sentencing Commission with little deliberation and no empirical justification." Bonilla also argued in his

sentencing memorandum for a downward departure, concluding that a sentence of no more than two years was reasonable, because his adjusted offense level of 24 (including the 16-level enhancement) was comparable to the offense level of much more serious crimes.

In its sentencing memorandum, the Government objected to any sentence below the Guidelines range as calculated in the pre-sentence report. The Government contended that the record revealed no mitigating factors not adequately considered by the Sentencing Commission that would remove the case from the "mine-run" of similar cases and that a sentence within the Guidelines range would be sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a). With respect to the personal characteristics of Bonilla, the Government's pre-sentence memorandum included the following:

> The defendant has a lengthy criminal record which includes numerous references to his alcoholism and violent, disruptive behavior which has often required intervention by law enforcement authorities. At least one of these incidents involved the defendant, who was intoxicated, being disarmed by the police. The defendant has also been convicted of a wide variety of offenses. His three prior deportations are aggravating factors which are the best possible justification for the sixteen-point enhancement included under the United States Sentencing Guidelines. While the defense argues that there is no empirical evidence supporting this enhancement, the defendant in this case stands as an excellent example of the fact that such repeated violations of the statute should be sanctioned at a higher level.

At the sentencing hearing, counsel for Bonilla again argued that Bonilla was subject to a maximum term of imprisonment of two years due to the Government's failure to allege and prove beyond a reasonable doubt his prior conviction for attempted felonious assault. With regard to the Guidelines sentence, counsel argued that "this particular Guideline is not so well-reasoned as the Sentencing Commission's Guidelines typically tend to be, it is not well-considered," and that "[t]he 16 level enhancement seems to be a rather arbitrary imposition."

3

Acknowledging Bonilla's criminal history, but contending that the Guidelines sentences was "far in excess of what's necessary to satisfy all the requirements" set forth in section 3553(a), counsel accordingly "ask[ed] the Court to impose a substantially lower sentence than 57 months."

In responding arguments, counsel for the Government pointed out that Supreme Court precedent supported the Government's contention that Bonilla's prior attempted felonious assault conviction need not be proved beyond a reasonable doubt and that Bonilla therefore was subject to a term of imprisonment of not more than ten years pursuant to 8 U.S.C. § 1326(b)(1). Government counsel argued that Bonilla "has essentially opted out of our system of laws and ignored them time and time again" by "committing immigration offenses" and "other serious misdemeanor and felony offenses as well." Accordingly, the Government's position was "that the Sentencing Guidelines as they apply to [Bonilla] amount to a reasonable and appropriate sentence."

In imposing sentence, the District Court stated that it had "reviewed and considered all the pertinent information, including but not limited to the Presentence Investigation Report, the addendum, submissions by counsel, . . . the factors outlined in 18 U.S.C. § 3553(a) and the Sentencing Guidelines." The court thereupon fixed a term of imprisonment of 57 months, the low end of the Guidelines, after "find[ing] the total offense level is 21, with a criminal history of IV, and the Guidelines range of imprisonment is 57–71 months." The court also imposed a 3-year term of supervised release. Emphasizing Bonilla's recidivism, the District Court gave an extensive explanation for the sentence:

> Neither the 16-level enhancement nor the total offense level of 24 substantially overstates the seriousness of defendant's prior conviction which involved swinging an axe at people who were eight to ten feet from him, and nor does it persuade me to do that in light of the number of times, this is his fourth

conviction. And when he was deported before, I consider those factors too. He was — he went for a month on two occasions, third occasion he came back, he was apprehended, he was let go and then he absconded, he wasn't caught for several months later, and he has indicated that he feels he has a right to be here and is going to come back. So in light of all that, I feel that the people that drafted these sentencing statutes had in mind a person such as this defendant who was here before the [c]ourt for the fourth time, with little care of what the law has to say about his conduct, he is going to do it again.

In his brief on appeal, Bonilla first contends that "the district court committed procedural error, resulting in a substantively unreasonable sentence, by failing to adequately consider and respond to his arguments that the sixteen-level enhancement for a prior crime of violence reflects an unsound judgment, fails to properly reflect the 18 U.S.C. § 3553(a) considerations, and does not treat his characteristics in the proper way." Second, Bonilla contends that his "maximum sentence was increased pursuant to a fact — his prior felony conviction — that was neither alleged in the indictment nor plead[ed] to or proven beyond a reasonable doubt." As to the second contention, Bonilla recognized that such an increase is "authorized by this Court and the Supreme Court." On appeal, Bonilla seeks a remand for imposition of a sentence below the 2-year maximum that he contends is applicable.

In moving for summary affirmance, the Government notes that the District Court considered all of Bonilla's arguments and properly concluded that a Guidelines sentence was warranted. As to the 16-level enhancement, the Government concedes that a district court may disagree with the Guidelines for policy reasons but notes that the District Court did not do so in this case. The Government's motion reiterates its contention that Bonilla's prior conviction was not an element of the offense charged so as to require pleading to the indictment or proof beyond a reasonable doubt.

In opposing the motion for summary affirmance, Bonilla asserts that he is not

5

complaining that the District Court failed to explain its sentence or consider his arguments as the Government claims. His argument as to the 16-level enhancement for a crime of violence is that the "Sentencing Commission conducted no study, engaged in little deliberation, and provided no empirical justification, and its application resulted in a greater sentence than necessary in his case." Arguing that "this Court has not yet addressed the precise contours of a district court's requirement to adequately respond to a defendant's non-frivolous argument at sentencing," Bonilla contends that "it is not at all clear that a defendant must object to the district court's failure to respond to [his] arguments" so as to meet the requirements of the plain error doctrine. Finally, Bonilla contends that his challenge to the constitutionality of increasing his sentence on the basis of a prior conviction not proved is not frivolous because, although futile in this Court, it should be preserved for review by the Supreme Court.

**ANALYSIS**

I.      Of Frivolous Appeals Generally

In undertaking a motion for summary affirmance in a criminal appeal, the Government assumes a heavy burden, for "[t]he unique importance of criminal appeals makes the decision to characterize one as frivolous particularly perilous." United States v. Davis, 598 F.3d 10, 13 (2d Cir. 2010) (finding non-frivolous claims of procedural unreasonableness in district court's language explaining decision not to impose a below-Guidelines sentence and of substantive unreasonableness in insufficient consideration of defendant's history and characteristics). The Supreme Court teaches that "inarguable legal conclusion[s]" and "fanciful factual allegation[s]" are hallmarks of frivolous litigation. Neitzke v. Williams, 490 U.S. 319, 325 (1989). With specific regard to appeals raising issues of law, the Court has noted "that an appeal on a matter

6

of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" Id. (alterations in original) (quoting Anders v. California, 386 U.S. 738, 744 (1967)). We have identified as frivolous an appeal said to be "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381 (2d Cir. 1982) (imposing sanctions upon appellant and counsel for frivolous appeal).

Despite the restrictive legal test for finding a criminal appeal frivolous, the test is often met in cases where attorneys seek to be relieved of representation on appeal on so-called Anders motions pursuant to the following procedure:

> In order to be relieved pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), an appellant's counsel must conscientiously examine the case, identifying any issues that could arguably be raised on appeal. See McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 438–39, 100 L. Ed. 2d 440, 108 S. Ct 1895, 1901–02 (1988). This Court will not grant an Anders motion unless it is satisfied that (1) "counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal" and (2) "defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." United States v. Burnett, 989 F.2d 100, 104 (2d Cir. 1993).

United States v. Torres, 129 F.3d 710, 717 (2d Cir. 1997).

Customarily, the motion by counsel to be relieved from representation in the appeal of a criminal case is met with a motion for summary affirmance by the Government. In the Torres case, we granted both motions as to defendant Lopez:

> We grant counsel's Anders motion and the government's motion for summary affirmance because we believe that Lopez's case presents no non-frivolous issues for appeal. Counsel's Anders brief addresses Lopez's plea allocution and sentence, as well as the argument that § 1959 violates the Commerce Clause. Counsel correctly concludes that none of these events present any non-frivolous issues for appeal.

Id.

In 2009, we granted 160 motions for summary affirmance adjunct to orders granting Anders motions by counsel to be relieved from representation of appellants in criminal appeals. Although no Anders motions is before us in this case, these statistics demonstrate that a fair number of frivolous appeals are filed in this Court. Moreover, the statistics are relevant because we analyze the frivolous issues by the same standards that we apply in deciding such motions and responsive motions for summary affirmance.

II.    Of the Sentencing Process

We review sentences for abuse of discretion, a standard that "incorporates de novo review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact." United States v. Legros, 529 F.3d 470, 474 (2d Cir. 2008). In applying the abuse of discretion standard in sentencing appeals, we are constrained to review for reasonableness. See Gall v. United States, 552 U.S. 38, 46 (2007). It is by now familiar doctrine that "[t]his form of appellate scrutiny encompasses two components: procedural review and substantive review." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Upon substantive review, a trial court's sentencing decision will be classified as error only if it "cannot be located within the range of permissible decisions." Id. (internal quotation marks omitted). The length of the sentence imposed is what is examined on substantive review. United States v. Villafuerte, 502 F.3d 204, 206 (2d Cir. 2007). Substantive reasonableness review can take place any time following procedural reasonableness review, including during the same appeal. See Gall v. United States, 552 U.S. 38, 51 (2007) ("[An appellate court] must first ensure that the district court committed no significant procedural error . . . [and,] [a]ssuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the

8

substantive reasonableness of the sentence imposed . . . ."); see also United States v. Dorvee, __ F.3d __, 2010 WL 3023799, at *7 (2d Cir. Aug. 4, 2010) (noting that we are empowered to address "both the procedural and substantive reasonableness of [a] sentence in the course of an appeal where we find both types of error"). In engaging in substantive reasonableness review we recall that

> [t]he manifest-injustice, shocks-the-conscience, and substantive unreasonableness standards in appellate review share several common factors. First, they are deferential to district courts and provide relief only in the proverbial "rare case." Second they are highly contextual and do not permit easy repetition in successive cases. Third, they are dependent on the informed intuition of the appellate panel that applies these standards. In sum, these standards provide a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law.

United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (footnote omitted).

With respect to procedural review,

> [a] district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range.

Cavera, 550 F.3d at 190 (internal citations and quotation marks omitted).[1]

---

[1] The provisions of 18 U.S.C. § 3553(a)(1)–(7) require the sentencing court to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or

In arriving at a sentencing decision, the District Court must consider the now-advisory Guidelines, for they are the "starting point and the initial benchmark," Gall, 552 U.S. at 49, and are not to be treated as only a "body of casual advice," United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005). The process of sentence selection and the place of the Sentencing Guidelines in that process has been established as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether ([i]) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

Crosby, 397 F.3d at 113.

A sentencing court is free to vary from the Guidelines on the basis of a policy disagreement with the Guidelines. Indeed, we have held that "a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines, even where that [policy] disagreement applies to a wide class of offenders or offenses." Cavera, 550 F.3d at 191. In Kimbrough v. United States, 552 U.S. 85 (2007), the Supreme Court found that a district court

---

other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [G]uidelines . . . ; (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

10

was entitled to conclude that the existing Guidelines provision for crack cocaine was greater than necessary to meet the standards of § 3553(a) because the provision "d[id] not exemplify the Commission's exercise of its characteristic institutional role." Id. at 109.

We recently determined that "[t]he district court committed procedural error when it concluded that it could not consider a broad, policy-based challenge to the child pornography Guidelines." United States v. Tutty, ___ F.3d ___, 2010 WL 2794601, at *3 (2d Cir. July 16, 2010). In United States v. Dorvee, __ F.3d __, 2010 WL 3023799, at *9 (2d Cir. Aug. 4, 2010), we noted that "Sentencing Guidelines are typically . . . based on data about past sentencing practices" but that "the Commission did not use this empirical approach in formulating the Guidelines for child pornography," acting instead at the direction of Congress. We suggested in Dorvee that a sentencing court could, in the exercise of its broad discretion, take into account the "unusual provenance" of the Guidelines in cases of that nature. Id. at *12. It therefore was entirely proper for Bonilla to ask the District Court to consider that the 16-level enhancement prescribed by the Sentencing Commission "was not derived from any empirical study of sentencing data or recidivism" and "was enacted by the Sentencing Commission with little deliberation and no empirical justification." Cf. United States v. Aguilar-Huerta, 576 F.3d 365, 367–68 (7th Cir. 2009).

III.    Of the Frivolous Standard as Applied to Bonilla's Claims on Appeal

A.    The Claim of Failure to Respond

In opposing this motion for summary affirmance, Bonilla clarifies in his memorandum of law the arguments he urges upon us: "To be clear, Bonilla does not argue that the district court failed to adequately explain its chosen sentence or that it failed to indicate that it considered his

arguments." Indeed, in articulating the sentence, the District Court reviewed at some length Bonilla's prior criminal record, indicating its concern for Bonilla's recidivism as the basis for imposing a Guidelines sentence, albeit at the low end of the Guidelines range: "I'm going to put him at the low end of the Guideline in spite of his conduct." The District Court fully complied with the statutory requirement to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).

As to consideration of Bonilla's arguments, the District Court could not have been more clear: "I have reviewed and considered all the pertinent information, including but not limited to the Presentence Investigation Report, the addendum, submissions by counsel, I've considered the factors outlined in 18 U.S.C. § 3553(a) and the Sentencing Guidelines." Bonilla apparently contends that the District Court failed to respond specifically in some way to his argument regarding his policy disagreement with the 16-level enhancement. In the first place, it might be said that the District Court made such a specific response in its statement of reasons: "So in light of all that, I feel that the people [who] drafted these Sentencing statutes had in mind a person such as this defendant." The "people [who] drafted these Sentencing statutes" may be read to include the people who drafted the Sentencing Guidelines.

In any event, we never have required a District Court to make specific responses to points argued by counsel in connection with sentencing, and counsel for Bonilla has cited no authority to us in that regard. The District Court here considered all arguments of counsel and fully stated the reasons for the sentence imposed, and that was all that was required. We have time and time again made it clear that "we do not insist that the district court address every argument the defendant has made . . . ." E.g., Villafuerte, 502 F.3d at 210. Although Bonilla contends that we

12

"ha[ve] not yet addressed the precise contours of a district court's requirement to adequately respond to a defendant's non-frivolous arguments at sentencing," this is not so. Referring to Supreme Court precedent, we have held that the District Court must satisfy us only that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority. See Cavera, 550 F.3d at 193. No further or more "precise contours" ever have been required.

Finally, we note that the plain-error rule also serves as a basis for rejecting Bonilla's argument on this issue. Counsel for Bonilla did not ask the District Court for a specific response to its 16-level enhancement argument. Nor did counsel object to the sentence on the basis that the District Court did not respond to the claim that the enhancement was made without the benefit of empirical study. To the extent a defendant appeals his sentence on grounds not raised in the District Court, we review for plain error. United States v. Gamez, 577 F.3d 394, 397 (2d Cir. 2009) (per curiam). Plain error has been defined as (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Johnson v. United States, 520 U.S. 461, 467 (1997). Upon review, we find no error, much less no plain error, here. In light of all the foregoing, we conclude that Bonilla's argument with respect to the 16-level enhancement is totally unsupported by relevant law and therefore must be classified as frivolous.

B. The Claim of Improper Increase in the Maximum Sentence for a Prior Felony Conviction

The maximum penalty for the offense for which Bonilla stands convicted is increased from two years to ten years if the defendant committed a felony offense prior to removal. See 8

U.S.C. § 1326(b)(1). Bonilla concedes that the Supreme Court has determined that a maximum sentence may be increased on the basis of a prior conviction without the need to plead the conviction in the indictment or prove it beyond a reasonable doubt. See Almendarez-Torres v. United States, 523 U.S. 224, 234–35 (1998). We, of course, have followed that precedent. See, e.g., United States v. Snype, 441 F.3d 119, 148 (2d Cir. 2006).

In opposing the motion for summary affirmance, Bonilla states the following:

> While it is true that the prior conviction exception to Apprendi v. New Jersey, 530 U.S. 466 (2000), is binding precedent in the Supreme Court and this Court, Bonilla is still permitted to seek to overturn the precedent. Even though this Court is powerless to do so, Bonilla raises the issue in this Court merely to preserve it for review by the Supreme Court.

As Bonilla concedes, his appeal on the issue is without legal substance and is totally meritless. Although Bonilla asserts that this argument is not frivolous because it is made to preserve the issue for review by the Supreme Court, that is beside the point. Clear legal precedent — Supreme Court precedent — dictates the defeat of his claim that a prior felony conviction must be pleaded, proved, or admitted to. In any event, Bonilla may raise the issue in a certiorari petition to the Supreme Court, challenging summary affirmance just as he could on appeal from an affirmance following full briefing. Accordingly, the argument advanced on this point also must be classified as frivolous for putting forth a totally meritless legal argument.

## CONCLUSION

For the foregoing reasons, the motion for summary affirmance is granted.

14