10-1527-cr (L)
United States v. Massey

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand twelve.

PRESENT:  DENNY CHIN,
          SUSAN L. CARNEY,
                    Circuit Judges.
          STEFAN R. UNDERHILL,
                    District Judge.[*]

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          Appellee,

                                                    10-1527-cr (L)
          -v.-                                      10-4682-cr (CON)

MICHAEL MASSEY and DEVON PATTERSON,
          Defendants-Appellants.

- - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT        RANDA D. MAHER, Great Neck,
MICHAEL MASSEY:                New York.

FOR DEFENDANT-APPELLANT        LAWRENCE GERZOG, New York,
DEVON PATTERSON:               New York.

---

[*]     The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLEE:                    ERIC J. GLOVER, Assistant United
                                 States Attorney (Robert M. Spector,
                                 Assistant United States Attorney,
                                 on the brief), for David B. Fein,
                                 United States Attorney for the
                                 District of Connecticut, Hartford,
                                 Connecticut.

Appeal from the United States District Court for the District of Connecticut (Chatigny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendants-appellants Devon Patterson and Michael Massey appeal from their judgments of conviction for bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and bank robbery and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 2113(a), (d), and 924(c)(1)(A), respectively. We assume the parties' familiarity with the largely undisputed facts and procedural history of this case, which we reference only as necessary to explain our decision.

On September 22, 2008, two men committed an armed robbery of the Naugatuck Valley Savings and Loan in Naugatuck, Connecticut. While one robber guarded the lobby, brandishing his firearm, the other filled a bag with approximately $24,100. The robbers then fled the scene.

Minutes later, a patrol officer saw two men matching the robbers' description driving in the near vicinity of the crime. These two men were later identified as defendants Patterson and Massey. The officer attempted to pull defendants

-2-

over, and a high-speed car chase ensued. The chase ended when defendants crashed into a telephone pole. Defendants were arrested, and police recovered the following evidence from the car: a handgun; $24,307 in cash; money bands from the bank; "bait money" -- bills directly traceable to the bank through their pre-recorded serial numbers; and various items of clothing defendants wore during the robbery.

On February 16, 2009, Massey moved to suppress his post-arrest statements to the police, alleging they were obtained after he invoked his Fifth Amendment right to counsel. After two evidentiary hearings and oral arguments, the district court denied Massey's motion to suppress, concluding that the government satisfied its burden of proving that Massey did not invoke his right to remain silent or his right to counsel before his confession. On December 11, 2009, after reopening the issue and offering both sides the opportunity for additional argument, the district court again denied Massey's motion.

On December 14, 2009, the first day of trial, Patterson pled guilty. At his sentencing, Patterson argued for a Criminal History Category ("CHC") of III, claiming that a CHC of IV overstated the seriousness of his past criminal conduct. He also argued for a reduced sentence to account for his emotional and mental conditions. The district court concluded, inter alia, that a CHC of IV did not substantially overrepresent the seriousness of Patterson's criminal history, and that Patterson's mental and emotional conditions did not warrant a lesser

-3-

sentence.  On November 8, 2010, Patterson was sentenced principally to a term of 135 months' imprisonment.

On December 16, 2009, a jury convicted Massey of bank robbery and possession of a firearm in furtherance of a crime of violence.  On April 15, 2010, Massey was sentenced principally to a term of 152 months' imprisonment.

Defendants filed timely appeals.

## I.   **Patterson**

On appeal, Patterson argues that his sentence was procedurally and substantively unreasonable because the district court failed to consider, resolve, and make factual findings with respect to Patterson's claims that a CHC of IV overstated his past criminal conduct and that his emotional and mental conditions warranted a reduced sentence.

A district court's sentencing determination is reviewed under a "deferential" abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 51 (2007); United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008) (en banc), cert. denied, 129 S. Ct. 2735 (2009).  A sentence must be procedurally and substantively reasonable.  Gall, 552 U.S. at 51.  A sentence is procedurally unreasonable if a district court committed a "significant procedural error," such as improperly calculating the guidelines range, failing to consider the factors set forth in 18 U.S.C. § 3553(a), or selecting a sentence based on clearly erroneous facts.  Id.  A sentence is substantively unreasonable only in "exceptional cases," where the district court's decision is beyond "the range of permissible decisions."  Cavera, 550 F.3d

-4-

at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).

Here, the district court had no obligation to expressly address every argument raised by Patterson at sentencing. See United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010), cert. denied, 131 S. Ct. 1698 (2011). Even so, the district court did address Patterson's two claims. Based on our review of the record, we conclude that Patterson's sentence was not procedurally or substantively unreasonable. Indeed, as the district court explained, Patterson committed a violent bank robbery, his partner brandished a firearm, and the two were involved in a high-speed car chase that ended in a crash. Patterson's sentence of 135 months' imprisonment was well within the range of permissible sentences. Accordingly, Patterson's claims fail.

## II. Massey

On appeal, Massey principally argues that the district court committed reversible error in concluding that he had not yet invoked his right to counsel when he made incriminating post-arrest statements to the police.

This Court reviews factual determinations in connection with a motion to suppress for clear error, viewing the evidence in the light most favorable to the government. United States v. Whitten, 610 F.3d 168, 193 (2d Cir. 2010). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Iodice, 525 F.3d

179, 185 (2d Cir. 2008) (internal quotations omitted). A district court's credibility determination is given particularly strong deference, and there is no clear error when there are two permissible views of the evidence. See id. Furthermore, even if a district court erroneously admits evidence obtained in violation of the Constitution, reversal by our Court is unwarranted when that error was harmless beyond a reasonable doubt. United States v. Newton, 369 F.3d 659, 679 (2d Cir. 2004).

Here, the district court diligently held two evidentiary hearings and two oral arguments, and then reopened the suppression hearing for additional argument. There was no clear error because, after carefully reviewing the record of evidence, the district court made a permissible credibility determination, crediting the consistent testimony of four police officers as to the timing of Massey's confession and finding that the government satisfied its burden. Further, even assuming there was error, it was harmless beyond a reasonable doubt because, even without Massey's statements, there was overwhelming evidence to convict him, including the physical evidence found in the car. Indeed, as the district court found, Massey and Patterson were caught red-handed with the money from the bank robbery, including the "bait money." Accordingly, Massey's claim fails.

## CONCLUSION

We have considered Massey and Patterson's other arguments and conclude they are without merit.  Accordingly, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK