11-2288-cr
United States v. Campbell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of October, two thousand twelve.

PRESENT: REENA RAGGI,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

--------------------------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee*,

v.                                                              No. 11-2288-cr

MALIK CAMPBELL,

*Defendant-Appellant*,

WILLIAM BURKETT, LOUIS TOMASSINI, BRIAN CHARLESTON, CRYSTAL ARQUITTE, PHILLIP LAZORE, WAYNE VILLNAVE, GARY HOLLAND, MICHAEL HUMBERSTONE, BRADLEY HOWE, MICHAEL LAROSE, TERRY PERKINS, ANTHONY BOGART, BRUCE LESTER, HENRY LACROIX, NAOMI WALTERS, NATHAN COLLINS, DARIN COLLINS, ROBERT MERGENTHALER, STUART MOSSOW, JONATHAN POPIEL, LUCAS THOMAS, ROLAND LAFAVE, ANDREW WILLIAMS, NICOLE TOMASSINI, LEONARD LAUBER,

*Defendants*.

--------------------------------------------------------------------------------

FOR APPELLANT:          Lawrence Gerzog, Esq., New York, New York.

FOR APPELLEE:           Brenda K. Sannes, Ransom P. Reynolds, Assistant United States Attorneys, Of Counsel, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 25, 2011, is AFFIRMED.

Malik Campbell appeals from a judgment of conviction sentencing him principally to 70 months' incarceration on a single count of conspiracy to distribute cocaine. See 21 U.S.C. §§ 841(a)(1), (b)(1)(B); id. § 846. Campbell challenges the procedural and substantive reasonableness of his sentence, which we review under a "'deferential abuse-of-discretion standard,'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), assessing questions of law (including interpretation of the Sentencing Guidelines) de novo and findings of fact for clear error, see United States v. Bonilla, 618 F.3d 102, 108 (2d Cir. 2010), cert. denied, 131 S. Ct. 1698 (2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Reasonableness

Campbell contends that the district court committed procedural error in applying a two-level enhancement for his role as an organizer of the drug conspiracy. See U.S.S.G. § 3B1.1(c). Specifically, he asserts that the evidence adduced at sentencing showing that he recruited Naomi Walters to distribute cocaine for him from New York City to St. Lawrence County, New York, was insufficient to support application of this enhancement. We are not persuaded.

Although Campbell denied at sentencing that he ever recruited Walters as a courier, he never argued that the government's evidence was insufficient as a matter of law. Thus, at the outset, Campbell's challenge is subject to plain error review because he failed to raise it in the district court. See United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008). Even assuming that plain error review did not apply, however, Campbell still would not be entitled to relief, because the evidence was more than sufficient to sustain the district court's application of the two-level enhancement under U.S.S.G. § 3B1.1(c). The district court adopted the factual findings of the Presentence Investigative Report ("PSR"), which found that Campbell employed Walters to travel from New York City to St. Lawrence County to distribute cocaine on multiple occasions, and that Walters admitted to investigators that Campbell actively sought her out to serve as a courier. Despite Campbell's denial of these facts, the PSR was sufficient to permit the district court to find that Campbell recruited Walters and, ultimately, to apply the section 3B1.1(c) enhancement. See United States v.

3

Garcia, 413 F.3d 201, 223–24 (2d Cir. 2005) (holding that evidence of defendants' recruitment of single drug courier was sufficient to support section 3B1.1(c) enhancement).

Campbell is mistaken in contending that the acts described in the PSR were not relevant conduct under U.S.S.G. § 1B1.3 because they occurred before the initiation of the conspiracy on or about January 2008. The PSR shows that Walters was observed exchanging drugs with co-conspirator Anthony Bogart on October 5, 2008 and that, following his arrest that day, Bogart told investigators that he had received approximately two dozen shipments from Walters on Campbell's behalf over the course of the previous 18 months. Nor is Campbell entitled to relief on his claim that the district court failed to offer an adequate explanation for its application of the section 3B1.1(c) enhancement. Even if we were to identify such an omission, see United States v. Molina, 356 F.3d 269, 276 (2d Cir. 2004), any shortcomings did not amount to plain error because "the district court relie[d] on the findings in the PSR, and the factual findings in the PSR are adequate to support the sentence," United States v. Carter, 489 F.3d 528, 540 (2d Cir. 2007) (citing United States v. Molina, 489 F.3d at 277–278); see also United States v. Ware, 577 F.3d 442, 452 (2d Cir. 2009).

2.    Substantive Reasonableness

Campbell argues that his sentence was substantively unreasonable because the district court failed to give adequate mitigating weight to his multiple sclerosis in imposing sentence. We disagree.

The district court expressly considered Campbell's illness in sentencing him to the bottom end of the applicable Guidelines range, and we cannot conclude that its failure to decrease Campbell's sentence further fell outside the range of permissible decisions. See United States v. Cavera, 550 F.3d at 189. Likewise, Campbell's complaint that the district court erred by not downwardly departing on account of his illness, see U.S.S.G. § 5H1.4, is meritless. Because the district court did not misapprehend the scope of its authority and it imposed a sentence within the Guidelines range, we identify no abuse of discretion in its refusal to grant a departure. See United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005). Although Campbell now asserts that he is unable to obtain care for his medical condition in federal prison, he never raised this argument to the district court and offers no support for this allegation on appeal. We cannot conclude on the basis of these conclusory representations that, in light of the totality of the circumstances established at sentencing, the district court's decision to assign little weight to Campbell's multiple sclerosis was substantively unreasonable. See United States v. Cavera, 550 F.3d at 191.

3.     Conclusion

Accordingly, we reject Campbell's challenges to his sentence. The judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

5