11-2330-cr
United States v. Grieco

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand thirteen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges*.
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

          v.                                      No. 11-2330-cr

NICHOLAS GRIECO,
                    *Defendant-Appellant*.
------------------------------------------------------------------------

FOR APPELLANT:          James F. Greenwald, Assistant Federal Public Defender, James P. Egan, Research & Writing Attorney, *for* Lisa Peebles, Federal Public Defender, Syracuse, New York.

FOR APPELLEE:           Lisa M. Fletcher, Elizabeth S. Riker, Assistant United States Attorneys, Of Counsel, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 25, 2011, is AFFIRMED.

Defendant Nicholas Grieco, who stands convicted after pleading guilty to one count of receiving child pornography, see 18 U.S.C. § 2252A(a)(2)(A), and one count of possessing child pornography, see 18 U.S.C. § 2252A(a)(5)(B), challenges his 120-month prison sentence, a variance from his Sentencing Guidelines range of 168 to 210 months, on the ground of procedural error in the application of a distribution enhancement pursuant to U.S.S.G. § 2G2.2. We review claims of procedural error in sentencing for abuse of discretion. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). When the procedural error pertains to Guidelines calculations, we review questions of law as to the operation of the Guidelines de novo and findings of fact for clear error. See United States v. Bonilla, 618 F.3d 102, 108 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Section 2G2.2(b)(3)(F) of the Guidelines provides a two-point increase in the base offense level of child pornography crimes if the defendant distributed the material. Grieco argues that the enhancement should not have applied to him because he "did not intend to share the illicit images in question." Appellant's Br. 11. This argument is unavailing in light of our recent decision in United States v. Reingold, – F.3d –, 2013 WL 5356875 (2d Cir.

2

Sept. 26, 2013), which held that the distribution enhancement applies when a defendant "knowingly plac[es] child pornography files in a shared folder on a peer-to-peer file-sharing network . . . even if no one actually obtains an image from the folder." Id. at \*22 (internal quotation marks and citation omitted).

Here, Sergeant Anthony Martino, the Supervisor of the Management Information Systems Unit for the City of Utica Police Department, conducted a forensic examination of Grieco's computers and testified that the two files of pornography at issue were located in a computer folder from which images were "automatically [to] be shared back out." Sentencing Tr. at 26:2–4, App. 91. That same computer was set up to avoid the sharing of other files. See id. at 31:14–21, App. 96. In these circumstances, even if Grieco routinely moved child pornography out of shared folders, his maintenance of two files in a shared folder supported application of the distribution enhancement and defeats his claim of procedural error. We note, moreover, that at the same time the district court applied the enhancement, it specifically cited the limited nature of Grieco's distribution among the mitigating factors supporting its reduced non-Guidelines sentence even though the defendant's sexual exploitation of children reached beyond pornography to actual physical abuse. See United States v. Reingold, 2013 WL 5356875, at \*23 ("While the district court is required correctly to calculate and fairly consider the Guidelines, . . . nothing in this opinion is intended to limit the district court's discretion to consider a non-Guidelines sentence pursuant to United States v. Booker, 543 U.S. 220, 245 (2005).").

3

We have considered Grieco's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court