14-3328-cr
*United States v. Scheufler*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fifteen.

Present:
      PETER W. HALL,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges,*
      ALVIN K. HELLERSTEIN,
          *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

        *Appellee,*

    v.                                 No. 14-3328-cr

CRAIG GALLIGAN,

        *Defendant,*

LYNN SCHEUFLER,

        *Defendant-Appellant.*

_____

For Defendant-Appellant:    Francis O'Reilly, O'Reilly & Shaw, LLC, Southport, CT.

_____

[*] Hon. Alvin K. Hellerstein, United States District Court for the Southern District of New York, sitting by designation.

1

For Appellee:     Michael S. McGarry and Sandra S. Glover, (Marc H. Silverman, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lynn Scheufler ("Scheufler") appeals from a September 4, 2014 judgment of conviction entered in the United States District Court for the District of Connecticut (Thompson, *J.*). Scheufler pled guilty on March 7, 2014 to structuring financial transactions in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2) and was sentenced principally to 46 months' imprisonment. In this appeal, Scheufler argues that the district court abused its discretion because it failed to afford appropriate weight to the 18 U.S.C. § 3553(a) sentencing factors. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons stated below, we affirm.

Citing the 18 U.S.C. § 3553(a) sentencing factors generally, Scheufler argues her sentence is substantively unreasonable in light of her lack of criminal history and corresponding status as a first time offender, her excellent employment history, and her low risk of recidivism. Scheufler also argues the district court attributed undue weight to the facts and circumstances surrounding the charges to which she did not plead guilty. This court reviews a district court's sentence for "reasonableness," a concept that encompasses both procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 187–89 (2d Cir. 2008) (en banc). Substantive review examines the length of the sentence imposed, *United States v. Bonilla*, 618 F.3d 102,

2

108–09 (2d Cir. 2010), under a "deferential abuse-of-discretion standard," *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). When considering whether a district court has properly weighed the § 3553(a) factors, this court does "not substitute [its] own judgment for the district court's" *Id*. Instead, we "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007) (emphasis omitted)).

At sentencing, Scheufler conceded the accuracy of the PSR Guidelines range calculation of 37–46 months imprisonment but requested a sentence of one year of home confinement based on her claims that she posed low risk for recidivism and that she had taken positive steps since her arrest. The district court considered these mitigating factors but gave greater weight to various aggravating factors, such as Scheufler's abuse of her position of trust within her previous company and the collateral consequences to that company and its remaining employees. The district court concluded that Scheufler was in "the most culpable subgroup" of defendants convicted of structuring financial transactions. J.A. at 238. The court also found that Scheufler's arguments of her contrition were not persuasive. The court sentenced Scheufler to 46 months' imprisonment, the high point of the applicable Guideline range.

Scheufler's arguments that her sentence is substantively unreasonable are unconvincing. It was not unreasonable for the court to consider the findings of fact as set forth in the PSR as to how Scheufler improperly obtained the funds that constituted her structuring offense. Indeed, Scheufler did not object to those findings at the time of her sentencing. The district court was correct in considering these facts. The sentencing court is not limited to the charges to which Scheufler pled and may consider relevant "information concerning the background, character,

and conduct" of a defendant in arriving at a just sentence. 18 U.S.C. § 3661. These other charges were intimately connected with the "nature and circumstances of the offense" which the court was obligated to consider. 18 U.S.C. § 3553(a)(1). The district court, in weighing the factors, found that it was "most aware of the need to fashion a sentence that constitutes just punishment under all the circumstances, and the need for the sentence imposed to reflect the serious nature of the offense and promote respect for the law." J.A. at 237. Although Scheufler disagrees with the weight the district court accorded the mitigating factors, the "particular weight to be afforded aggravating and mitigating factors" is within the discretion of the district court. *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). On this record, it cannot be said that Scheufler's sentence falls outside the range of permissible decisions or that the district court considered a factor that could not "bear the weight assigned it under the totality of circumstances." *Cavera*, 550 F.3d at 191.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK