United States v. Shumate

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
DEBRA ANN LIVINGSTON,
                        <u>Circuit Judges</u>.
JED S. RAKOFF,<sup>*</sup>
                        <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

**UNITED STATES,**
        <u>Appellee</u>,

        -v.-                                    15-3817

**DAVID L. SHUMATE,**
        <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Lisa A. Peebles (with Molly K.
                           Corbett on the brief, and with

---

\*      The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

James P. Egan), Federal Public Defender for the Northern District of New York.

FOR APPELLEES: Richard S. Hartunian (with Kofi Sansculotte and Paul D. Silver on the brief), United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

David Shumate appeals from the judgment and sentence of the United States District Court for the Northern District of New York (McAvoy, J.). Shumate was sentenced to 48 months imprisonment (with credit for 12 months served in state custody) for violating his supervised release after heroin was found in his residence. He challenges both the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Because the defendant raises his procedural reasonableness challenge for the first time on appeal, his claim is reviewed for plain error only. Plain error requires (1) an error; (2) that is clear; (3) that affected his substantial rights; and (4) that seriously affected the integrity, fairness, or public reputation of the proceeding. United States v. Marcus, 560 U.S. 258, 262 (2010).

The defendant proffers three reasons why his sentence was procedurally unreasonable: (a) reliance on erroneous facts; (b) incorrect selection of the guidelines range; and (c) failure to state reasons for the above-guidelines sentence.

a. The district court observed that Shumate had been before the court "on a number of occasions." J. App'x at 54. Shumate asserts that he had only been in front of the district court once (for his sentencing on the original offense conduct). But Shumate had also appeared before the

2

district court in 1997 to be re-sentenced following a vacated conviction.  There was no error, plain or otherwise.

The district court observed that the defendant "seems to go right back to [drug dealing] no matter what sanctions the Court impose[s] on him."  Id.  Shumate is correct that he had been on supervision for more than 24 months before his revocation proceedings began.  But the district court's observation is at worst an overstatement: the context is that Shumate returned to dealing heroin within two years of his release after serving a 168-month term of imprisonment for dealing drugs.

b.  The district court did not rely on an incorrect guidelines range.  The district court first misstated the guidelines range, but after the error was brought to the court's attention, the court made clear that it understood that it had misstated the range and that it intended to sentence the defendant above the applicable guidelines range.

c.  Shumate argues that the district court failed to explain its above-guidelines sentence.  While Shumate only admitted to a grade B violation, i.e., simple possession of heroin, the Government argued (and the district court agreed) that a sentence commensurate with a grade A violation was appropriate based on Shumate's actual conduct, i.e., possession with intent to distribute.[1]  The district court clearly stated at sentencing that it was going above the applicable guidelines range "in order to fit the conduct which [it] f[ound] [Shumate] pled guilty to . . . ."  J. App'x at 56.  A finding that Shumate's conduct amounted to a grade A violation was amply supported by the record: Shumate was found at his residence with 663 clear envelopes of heroin (estimated street value of $6,000), as well as cash in the amount of $1,442 inside a safe, a digital scale, and other drug paraphernalia.  The district court took all of this into consideration when it stated that "what you did here was very serious, that's a lot of heroin and a lot of people could have been significantly harmed if that hit the streets."  Id. at 54.  The district court clearly explained

---

[1]     A grade B violation is for simple possession of heroin, see U.S.S.G. § 7B1.1(2); whereas a grade A violation is for possession with intent to distribute, see id. § 7B1.1(a)(1) and cmt. n.3; see also id. § 4B1.2(b).

its reasoning for imposing an above-guidelines sentence and did not commit an error in doing so.

2.  As to substantive reasonableness, we will reverse those few sentences that, "although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Bonilla, 618 F.3d 102, 109 (2d Cir. 2010) (quoting United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009)).

Shumate claims that his sentence was substantively unreasonable because it was "almost double" the guidelines range.  However, for the reasons stated above, the district court thoroughly explained the reasons for exceeding the guidelines range.  Although Shumate admitted to the lower level offense, the district court was satisfied that his conduct amounted to the higher level offense and the sentence reflected the actual seriousness of his conduct.  Accordingly, we cannot say that this sentence is "shockingly high," and it certainly does not damage the administration of justice.  See Bonilla, 618 F.3d at 109.  Accordingly, Shumate's substantive unreasonableness challenge fails.

For the foregoing reasons, and finding no merit in Shumate's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4