17-1130-cr
*United States v. Zheng (Huang)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
                      SUSAN L. CARNEY,
                                  *Circuit Judges,*
                      LAWRENCE J. VILARDO,
                                  *District Judge.*[1]

---

UNITED STATES OF AMERICA,

     *Appellee,*

     v.                                                                                           17-1130-cr

KAI HUAN HUANG, A/K/A SHEN SHEN,

     *Defendant-Appellant.*[2]

---

[1] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

[2] The Clerk of Court is respectfully requested to amend the official caption as set forth above.

1

**FOR GOVERNMENT-APPELLEE:**          Susan Corkery & Nadia E. Moore, for
                                      Richard P. Donoghue, United States Attorney
                                      for the Eastern District of New York,
                                      Brooklyn, NY.


**FOR DEFENDANT-APPELLANT:**          Malvina Nathanson, New York, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 11, 2017 judgment of the District Court is **AFFIRMED**.


Defendant-appellant Kai Huan Huang ("Huang") appeals from a judgment of conviction following a jury trial in which he was convicted of an extortion conspiracy and attempted extortion, in violation of 18 U.S.C. § 1951. He was sentenced to 70 months' imprisonment and three years' supervised release, and he was ordered to pay $3,000 in restitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.


Huang's criminal activity stemmed from his involvement in a conspiracy to extort and attempt to extort the owner of a gambling parlor who owed money to the owner of a local money club. A money club is an entity whose members regularly contribute funds to a pool in order to have the opportunity to take a loan from the pool when necessary. When a member takes funds from the pool, he must, at regular intervals, pay back a portion of the loan that he previously received from the group. On May 28, 2015, Huang and his associates physically assaulted the alleged debtor and damaged his place of business in an attempt to force the debtor to pay the money owed.


On appeal, Huang argues that his sentence of 70 months' imprisonment was substantively unreasonable. We disagree.


We review a sentence for substantive reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 41 (2007); *see also United States v. Broxmeyer,* 699 F.3d 265, 278 (2d Cir. 2012) (explaining that "our standard is reasonableness, a particularly deferential form of abuse-of-discretion review" (internal quotation marks omitted)). A sentence is substantively unreasonable "only if it cannot be located within the range of permissible decisions." *United States v. Bonilla,* 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks and citations omitted). As we have observed before, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United*

*States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (abrogated on other grounds by *Rita v. United States*, 551 U.S. 338, 364 (2007)).

Upon review of the record, we conclude that Huang's below-Guidelines sentence of 70 months' imprisonment was substantively reasonable. Huang claims that the District Court did not adequately consider (1) his lack of prior criminal history and his allegedly minimal conduct during the extortion attempt; (2) the victim's allegedly minimal injuries, (3) the alleged lack of evidence that Huang was a member of a criminal organization; and (4) the deportation consequences following Huang's sentence. The record reflects otherwise. The District Court carefully considered Huang's criminal history and family circumstances, as well as his role in the offense. It correctly calculated Huang's Guidelines Range to be 78 to 97 months, and discussed nearly all of the Section 3553(a) factors before deciding to sentence defendant to a term below the Guidelines range. Huang's sentence is in no way substantively unreasonable.

**CONCLUSION**

We have considered Huang's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3