11-2708-cr
United States v. Vanegas-Gomez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve,

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

          -v-                                              11-2708-cr

CARLOS DAVID VANEGAS-GOMEZ,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Ronald B. Resetarits, Assistant Federal Defender, *for* Terence S. Ward, Acting Federal Defender, New Haven, Conn.

Appearing for Appellee:      Carolyn A. Ikari, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, Hartford, Conn.

Appeal from a judgment of the United States District Court for the District of Connecticut (Burns, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Carlos David Vanegas-Gomez appeals from his 57-month prison sentence for illegally re-entering the United States in violation of federal law after previously having been convicted of an aggravated felony and deported. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Federal law requires district court judges to "state in open court the reasons for [their] imposition of the particular sentence[s]" they have chosen. 18 U.S.C. § 3553(c). "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). "[W]e never have required a District Court to make specific responses to points argued by counsel in connection with sentencing . . . . Referring to Supreme Court precedent, we have held that the District Court must satisfy us only that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority." *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010).

Here, while the district court judge was concise in explaining her reasons for arriving at the sentence she chose for Vanegas-Gomez, we do not believe that she was required by federal law to say any more than she did. The district court judge stated: "So in considering all of the factors that [a court] must" consider, including "the nature of the crime, the nature of the individual involved, the general deterrence factor, as well as the specific deterrence factor, I am not inclined to downwardly depart from the guidelines." The district court continued: "I think a sentence at the bottom of the guideline range is appropriate and not excessive, and it does address the issues that we have in front of us, but I don't think anything below that is justified, and I'm not going to do that." In addition, the district court explicitly stated that it "ha[d] tried to give consideration to the arguments you've made."

The court also addressed Vanegas-Gomez's request for a reduced sentence on the basis that the delayed federal prosecution deprived him of an opportunity to receive a federal sentence that was concurrent with his state sentence. The court rejected the suggestion that the delay warranted a below-Guidelines-range sentence, but it stated that "that is one of the factors that persuades me that the bottom of the guideline range is appropriate." In sum, Vanegas-Gomez's argument that the district court's explanation for Vanegas-Gomez's sentence was insufficient is belied by the record.

Nor, in light of the factors outlined in 18 U.S.C. § 3553(a), do we believe that the district court's decision to sentence Vanegas-Gomez, who had been deported after having been convicted on two separate occasions for molesting children, to around five years in prison for illegally re-entering the United States was substantively unreasonable. *See* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing as defined by federal law.); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("We will . . . set aside a district court's *substantive* determination only

in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'").

We have considered Vanegas-Gomez's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk