11-5455-cr
United States v. Theriault

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand twelve.

PRESENT:  ROBERT D. SACK,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    Appellee,

          -v.-                                    11-5455-cr

DANNY THERIAULT, AKA VINNY, DAVID SUNDAY,
AKA SNOOKTY, DENNY THERIAULT, JOSHUA
SPAULDING, AKA SPANK, CHAD E. FELLERS,
JARED CALLAHAN, AKA ROO,
                    Defendants,

JACKALEEN THERIAULT, AKA MA,
                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x


FOR DEFENDANT-APPELLANT:      Malvina Nathanson, New York, New
                              York.

FOR APPELLEE:                 Brenda K. Sannes, Carl G. Eurenius,
                              Assistant United States Attorneys,
                              for Richard S. Hartunian, United
                              States Attorney for the Northern
                              District of New York, Syracuse, New
                              York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jackaleen Theriault appeals from the district court's judgment, entered August 19, 2009, following a jury trial, convicting her of conspiracy to possess with intent to distribute and distribution of over 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B). She was sentenced principally to 97 months' imprisonment, 10 years' supervised release, and a fine of $15,000. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

Theriault challenges her conviction in two respects. First, she argues that the district court erroneously admitted certain evidence at trial. Second, Theriault argues that the district court erred in applying a two-level enhancement to her U.S. Sentencing Guidelines offense level for possession of a dangerous weapon based on her use of gasoline to set her co-defendant's car on fire. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1). Because, as she concedes, Theriault did not object in either respect before the district court, we review both claims for plain error. See Fed. R. Crim. P. 52(b); United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010), cert denied,

_ U.S. _, 131 S. Ct. 1698 (2011); United States v. Snype, 441 F.3d 119, 138 (2d Cir. 2006). We may only review a ruling not challenged in the district court if it was error, the error was plain, it affects substantial rights, and it has a serious effect on the fairness or integrity of the proceedings. United States v. Logan, 419 F.3d 172, 177 (2d Cir. 2005).

## A.   The Evidentiary Rulings

We conclude that none of the challenged evidentiary rulings resulted in plain error. "[T]o have impacted [the defendant's] substantial rights and the fairness, integrity or public reputation of the judicial proceedings, the overall effect of the [alleged] error must have been sufficiently great such that there is a reasonable probability that the jury would not have convicted [her] absent the error." United States v. Marcus, 628 F.3d 36, 42 (2d Cir. 2010). "In making this determination, we consider principally whether the government's case against the defendant was strong; whether the evidence in question bears on an issue that is plainly critical to the jury's decision, . . .; whether the evidence was emphasized in the government's presentation of its case and in its arguments to the jury; and whether the case was close." United States v. Jean-Baptiste, 166 F.3d 102, 108-09 (2d Cir. 1999) (citations and internal quotation marks omitted); see also United States v. Riggi, 541 F.3d 94, 102, 105-08 (2d Cir. 2008) (considering these factors in plain error analysis).

Applying this standard, we conclude that there was no reasonable probability that the purported evidentiary errors affected the outcome of the trial. The investigating agent's purportedly hearsay testimony was cumulative of other clearly admissible evidence offered to prove the truth of the underlying facts asserted. The agent's lay opinion that a co-defendant's instruction to "keep my place safe" meant to "keep his possessions safe" was not unfairly prejudicial to Theriault. The investigating agent's testimony that a person identified in a recorded call was under investigation for drugs and owned the vehicle Theriault was driving when she was pulled over and about the circumstances of a co-defendant's arrest did not bear "on an issue that is plainly critical to the jury's decision." Jean-Baptiste, 166 F.3d at 108 (quotation omitted). Furthermore, the government did not refer to any of this challenged testimony in its summation.

In light of the strength of the government's other evidence, we cannot conclude that the jury would have reached a different decision in the absence of these alleged errors. The evidence against Theriault included co-conspirator Jared Callahan's testimony regarding her distribution of marijuana to him on numerous occasions; intercepted phone calls corroborating his testimony and recording her engaging in sales of marijuana to others; seizures of marijuana and money, including from a vehicle she was driving; and her admission that she poured gasoline on Callahan's vehicle, which was set on fire. Given this record, any inadmissible testimony, "viewed in relation to the

prosecution's formidable array of admissible evidence, was merely corroborative and cumulative." United States v. Dukagjini, 326 F.3d 45, 62 (2d Cir. 2003). Therefore, defendant failed to show any plain error affecting her substantial rights or the fairness of the proceedings.

**B.    The Sentencing Enhancement**

We conclude that Theriault has failed to identify any error, much less plain error, in the district court's determination that her use of gasoline was connected to the marijuana conspiracy. The district court was required to find the facts relevant to a sentencing enhancement by a preponderance of the evidence. See United States v. Hertular, 562 F.3d 433, 447 (2d Cir. 2009) (citing United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005)) (assessing whether evidence was sufficient to find that defendant "more likely than not" possessed a dangerous weapon in connection with the crime). Theriault set fire to Callahan's car hours after he took marijuana from her without paying. The next day, Theriault's son and co-conspirator told another co-conspirator that "my mom burnt [Callahan's] car last night" and he intended to burn down Callahan's house because "I want my money." (A 46-47). The determination that Theriault's act of arson was in response to the theft of marijuana and was intended to send a threat to the drug thief was entirely reasonable. Thus, the district court did not err in finding that Theriault's use of gasoline was more likely than not in furtherance of the drug conspiracy.

We have considered Theriault's remaining arguments and conclude that they are without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk