12-4790-cr
United States v. Pearson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

PRESENT: ROBERT D. SACK,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                  Appellee,

            -v-                               12-4790-cr

ANTHONY PEARSON,
                  Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                JONATHAN S. FREIMANN, Assistant
                            United States Attorney (Sandra S.
                            Glover, Assistant United States
                            Attorney, on the brief), for
                            Deirdre M. Daly, Acting United
                            States Attorney for the District
                            of Connecticut, Hartford,
                            Connecticut.

FOR DEFENDANT-APPELLANT:          GARY D. WEINBERGER, Assistant
                                  Federal Defender, for Terence S.
                                  Ward, Federal Defender, Hartford,
                                  Connecticut.

Appeal from the United States District Court for the District of Connecticut (Bryant, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Anthony Pearson appeals from a judgment entered November 28, 2012, convicting him, following a plea of guilty, of one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Pearson principally to a term of imprisonment of 64 months.

We assume the parties' familiarity with the facts, procedural history of the case, and issues for review.

Prior to this conviction, Pearson had four felony convictions, including two for violent robberies and one for the illegal possession of a firearm. On December 30, 2011, Pearson attempted to purchase marijuana from a purported drug dealer in Hartford. Pearson paid the dealer, but the dealer refused to give Pearson the marijuana or to pay Pearson back. The dealer then approached Pearson in a "menacing manner." Appellant's Br. at 3. In response, Pearson pulled out a nine-millimeter pistol and fired it in the direction of a nearby residential building.

Pearson pled guilty to one count of unlawful possession of a firearm by a convicted felon, and the district court sentenced him to 64 months' imprisonment.

On appeal, Pearson challenges his sentence on both procedural and substantive grounds. We review a sentence for both substantive and procedural reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc).

A.    Procedural Reasonableness

Pearson argues that his sentence is procedurally unreasonable. The district court commits procedural error when it:

> (1) fails to calculate the Guidelines range;
> (2) is mistaken in the Guidelines calculation; (3) treats the Guidelines as mandatory; (4) does not give proper consideration to the § 3553(a) factors;
> (5) makes clearly erroneous factual findings; (6) does not adequately explain the sentence imposed; or (7) deviates from the Guidelines range without explanation.

Watkins, 667 F.3d at 261 (quoting United States v. Conca, 635 F.3d 55, 62 (2d Cir. 2011)).

Pearson argues that the district court failed to give proper consideration to the § 3553(a) factors. In particular, he argues that the district court failed to consider mitigating factors before sentencing him, and points specifically to the

district court's comment at sentencing that "[his] history and characteristic[s] d[id] not in any way mitigate [his] conduct." Pearson attempts to characterize this statement as impermissibly "imbued with exclusionary language." See Wright v. Walls, 288 F.3d 937, 943-44 (7th Cir. 2002).

The argument fails. The record demonstrates that the district court considered the mitigating factors, but simply declined to assign any significant weight to Pearson's personal history and mental illness. As this Court held in United States v. Bonilla, "The District Court here considered all arguments of counsel and fully stated the reasons for the sentence imposed, and that was all that was required." 618 F.3d 102, 111 (2d Cir. 2010). Although Pearson may disagree with the balance struck by the district court, reaching that balance "is a matter firmly committed to the discretion of the sentencing judge and is beyond [appellate] review." United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006).

B. Substantive Reasonableness

Pearson also argues that his sentence is substantively unreasonable. In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it "cannot be located within the range of permissible decisions." Watkins, 667 F.3d at 261 (internal quotation marks omitted). "In the overwhelming majority of

-4-

cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." Id. (alteration and internal quotation marks omitted).

Pearson presents only one argument in support of a finding of substantive unreasonableness. He argues that "a sentence closer to the bottom end of the guideline range . . . would have been appropriate" because "his personal trajectory is not one of increasing violence and disdain for others so much as mental and institutional drift." Appellant's Br. 12.

We conclude that Pearson's sentence of 64 months' imprisonment was substantively reasonable. That sentence fell in the middle of the Guidelines range resulting from the two-level upward departure which the district court applied to capture the seriousness of Pearson's offense: pulling a gun to settle a dispute over $30 of marijuana; firing several shots in the direction of a residential building; discarding the still-loaded firearm in a residential backyard; and fleeing police pursuit into a stranger's apartment. Considering Pearson's four prior felony convictions (including two for violent robbery and one for illegal possession of a firearm), the aggravating circumstances of the instant offense, and the psychological evaluation's conclusion that Pearson "had the ability to conform [his] conduct to the requirements of law," the 64-month sentence

was well within the range of reasonableness.  The district court's conclusion that such a sentence was sufficient, but not greater than necessary, to accomplish the goals of sentencing was therefore not substantively unreasonable.

## CONCLUSION

We have considered the defendant's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk