*13-4105-cr*
*United States v. Jaiman*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand fifteen.

Present:
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges*,
>
> JED S. RAKOFF,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                 13-4105-cr

FREDDIE JAIMAN, A.K.A. SEALED DEFENDANT 1,

> *Defendant–Appellant*.

---

For Defendant-Appellant:     RICHARD B. LIND, Law Office of Richard B. Lind, New York, NY.

For Appellee:                RAHUL MUKHI and Brian A. Jacobs, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

---

[*] Hon. Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Freddie Jaiman ("Jaiman") appeals from a judgment of conviction and sentence following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The sole issue on appeal is the substantive reasonableness of Jaiman's sentence. While on bail pending sentencing, Jaiman was arrested in connection with a shooting in the Bronx. After a *Fatico* hearing, the district court imposed an above-Guidelines sentence of 44 months' imprisonment followed by three years' supervised release. *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews sentences for "reasonableness," a concept that encompasses both procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 187–89 (2d Cir. 2008) (en banc). Substantive review examines the length of the sentence imposed, *United States v. Bonilla*, 618 F.3d 102, 108–09 (2d Cir. 2010), under a "deferential abuse-of-discretion standard," *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We take "into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. 38 at 51. We also "giv[e] due deference to the sentencing judge's exercise of discretion, bearing in mind the institutional advantages of district courts," and "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [18 U.S.C.] § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189–90. This Court will "set aside a district court's substantive determination only in

2

exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (citation, internal quotation marks, and emphasis omitted). A sentence falls outside the range of permissible decisions when, "although procedurally correct, [affirming] would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Jaiman contends that his sentence is excessive, arguing that the district court did not give sufficient weight to Section 3553(a)'s "parsimony clause." We disagree. The record reflects that the district court carefully considered a wide range of factors, including Jaiman's substantial criminal history and lenient sentencing in the past, the offense conduct having occurred while Jaiman was on supervised release, the dangerous nature of the offense, Jaiman's conduct while on bail pending sentencing, his acceptance of responsibility for the offense, and his parental obligations. Further, the court properly considered Jaiman's "opportunistic" conduct as established at the *Fatico* hearing, finding that Jaiman had breached the court's trust. On careful review of the record, we conclude that the district court imposed a sentence well within the range of permissible decisions. Jaiman's sentence is thus reasonable in light of the Section 3553(a) factors, including the "parsimony clause."

We have considered Jaiman's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3