16-764-cr
*United States v. Vado*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
                    RICHARD C. WESLEY,
                              *Circuit Judges,*
                    VICTOR MARRERO,
                              *District Judge.*[*]

---

UNITED STATES OF AMERICA,

                    *Appellee,*                                        16-764-cr

          v.

MATTHEW VADO,

                    *Defendant-Appellant.*

---

**FOR APPELLEE:**                          Max Nicholas and Margaret Garnett, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

---

[*] Victor Marrero, Judge of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**     Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 11, 2016 judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-appellant Matthew Vado appeals from a judgment of conviction entered on March 11, 2016, pursuant to a plea of guilty to all ten counts of a ten-count indictment charging him with eight counts of producing child pornography, in violation of 18 U.S.C. §§ 2251(a), (e), and 2, one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), and 2, and one count of possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2. The District Court sentenced Vado to thirty years' imprisonment.

On appeal, Vado argues that his sentence was both procedurally and substantively unreasonable. He contends that the District Court committed procedural error by failing to address adequately his arguments explaining why a fifteen-year sentence, rather than a thirty-year sentence, was sufficient to meet the goals of sentencing. And, he asserts that his sentence was substantively unreasonable because it was greater than necessary under the circumstances presented. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review sentences "for abuse of discretion, a standard that 'incorporates de novo review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)) (alteration in original). There are two components to our review: procedural and substantive. *Id.* A district court commits procedural error "where it fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). A sentence is substantively unreasonable "only if it cannot be 'located within the range of permissible decisions.'" *Bonilla*, 618 F.3d at 108 (quoting *Cavera*, 550 F.3d at 189). Our review for substantive reasonableness is "deferential." *Cavera*, 550 F.3d at 191.

Vado asserts that the District Court committed procedural error by failing to explain sufficiently why it rejected three arguments raised by defense counsel in favor of a fifteen-year sentence: (1) that the possibility of civil commitment after Vado's release from custody made a fifteen-year sentence adequate; (2) that Vado's exemplary conduct while in custody merited serious

2

consideration; and (3) that the Guidelines governing sentencing for the production of child pornography are flawed. His argument is unavailing.

The District Court explained the reasons for its sentence in painstaking detail, describing specifically the seriousness of Vado's offense, the nature and circumstances of his offense, the need for specific and general deterrence, and the interest in public protection. It also stated that it had reviewed a representative sample of the sexually explicit materials involved in Vado's case, the Presentence Report (the "PSR"), the parties' sentencing submissions, psychological reports on Vado, and victim impact statements. Contrary to Vado's contention on appeal, the law in this circuit *does not* "require[ ] a District Court to make specific responses to points argued by counsel in connection with sentencing." *Bonilla*, 618 F.3d at 111. Rather, a district court need only "satisfy us . . . that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority." *Id.* Based on our review of the record, we are satisfied that the District Court considered all of Vado's arguments, including the three mentioned on appeal, and articulated with great clarity a reasonable basis for its sentence.

Vado's argument that his thirty-year sentence is substantively unreasonable similarly fails. He contends that his sentence was greater than necessary for a number of reasons, including: (1) that his prior conviction involving exposing himself to minor girls and masturbating in a car in front of them resulted in only fifteen days in jail and a five-year period of probation; (2) that his post-arrest conduct was exemplary; (3) that his psychiatric evaluations revealed that he had only a secondary interest in females ages six to thirteen, that he posed a moderate risk of reoffending, and that he was a low to moderate risk of committing a contact sexual offense; (4) that the Guidelines were flawed; and (5) that he faced the possibility of civil commitment after being released from prison on any shorter sentence. We disagree.

Vado faced a mandatory minimum sentence of fifteen years' imprisonment and the recommended sentence under the Guidelines was life imprisonment. The District Court selected a middle-of-the-road option and imposed a substantially below-the-Guidelines sentence of thirty years' imprisonment, which matched the probation office's recommendation. The District Court articulated a number of reasons for imposing its sentence. For example, it recognized that Vado's conduct involved thirteen identified minor victims, including a nine-year old girl, and that he extorted sexually explicit images from his minor victims by threatening to publicize sexually explicit images of them that were already in his possession. It also considered the fact that Vado's conduct reflected planning and deliberation and concluded that the need for "incapacitation" was "the single most influential factor" in this case because of Vado's "proclivity to commit sex crimes against children." App'x 235. Although a thirty-year sentence is undoubtedly severe, given the seriousness of Vado's conduct, we cannot say that the District Court's sentence is not "within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted); s*ee United States v.*

*Brown*, 843 F.3d 74, 82–83 (2d Cir. 2016) (affirming a sixty-year sentence for the production of child pornography); *see also id.* at 84 (Sack, *J.* concurring).

## CONCLUSION

We have considered all of the arguments raised by defendant-appellant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 11, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk