*United States v. Humphrey*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
                 *Circuit Judges,*
           J. PAUL OETKEN,
                 *Judge.*\*

---

UNITED STATES OF AMERICA,

        *Appellee,*                      18-1143

        *v.*

MARTY HUMPHREY,

        *Defendant-Appellant.*\*\*

---

**FOR DEFENDANT-APPELLANT:**          Daniel S. Nooter, Washington, D.C.

---

\* Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of Court is directed to amend the official caption as set forth above.

**FOR APPELLEE:**                                    Michael D. Gadarian, (Michael S. Barnett),
                                                      Assistant United States Attorneys, *on the*
                                                      *brief) for* Grant C. Jaquith, United States
                                                      Attorney for the Northern District of
                                                      New York, Syracuse, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 17, 2018 judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Marty Humphrey ("Humphrey") appeals from his sentence of 15 months imprisonment, arguing that the sentence imposed by the District Court was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On March 9, 2018, Humphrey pleaded guilty to conspiracy to possess with intent to distribute and to distribute controlled substances (cocaine and cocaine base), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). The Pre-Sentence Report ("PSR") calculated Humphrey's total offense level as 13 with a criminal history category I, yielding a guidelines range of 12 to 18 months. The Government recommended a term of imprisonment of 12 months and one day. The District Court sentenced Humphrey to 15 months imprisonment, a sentence at the midpoint of the guidelines range.

Humphrey first argues that the District Court failed to provide an "adequate" explanation under 18 U.S.C. § 3553(c) for its decision to impose a sentence greater than the sentence sought by the government. We review Humphrey's claim for plain error because he made no objection to the District Court's calculation of the sentence recommended by the guidelines, consideration of the § 3553(a) sentencing factors, or explanation of the sentence. *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). To establish plain error, Humphrey must demonstrate "(1) error (2) that is plain and (3) affects substantial rights." *Id.* at 209 (internal citation omitted). We then consider whether "the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted). A district court commits procedural error "where it fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008).

Humphrey urges us to hold that a District Court's sentencing explanation is "adequate" for § 3553 purposes only when it explicitly addresses why the length of the sentence sought by the Government is not sufficient. We decline to do so. The Government's recommended sentence fell

within the guidelines range, and the District Court explained that it considered the § 3553(a) factors and provided reasons why a sentence in the middle of the guidelines range was appropriate. It was not required to provide a specific reason for sentencing Humphrey to a sentence higher than that recommended by the Government. We thus conclude that the District Court committed no error, much less plain error.

Humphrey next argues that his sentence is substantively unreasonable because the District Court's stated reasons for imposing a sentence at the middle of the guidelines range are not supported by the record. In particular, Humphrey contends that the District Court mischaracterized his acceptance of responsibility for and the nature of his involvement in the crime, and unreasonably relied on his past criminal history.

We review the substantive reasonableness of sentences for abuse of discretion. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). A sentence is substantively unreasonable "only if it cannot be located within the range of permissible decisions." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks omitted). Our review for substantive reasonableness is "deferential." *Cavera*, 550 F.3d at 191.

Upon review, we conclude that the District Court did not abuse its discretion. It properly analyzed the factors set forth in § 3553(a) and the PSR to weigh Humphrey's acceptance of responsibility for and the level of his involvement in the crime. The District Court also acted within its discretion in considering Humphrey's criminal history, even though his conviction was too remote in time to factor into the guidelines calculation. A district court is permitted to consider criminal history in sentencing if the sentence provides "evidence of similar, or serious dissimilar, criminal conduct." *See* U.S.S.G. § 4A1.2 cmt. 8. Here, Humphrey's last conviction for criminal sale of a controlled substance was clearly similar conduct.

## CONCLUSION

We have reviewed all of Humphrey's remaining claims and find them to be without merit. Accordingly, we **AFFIRM** the April 17, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3