18-70-cr
*United States v. Squires*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            CHRISTOPHER F. DRONEY,
            RICHARD J. SULLIVAN,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                    18-70-cr

        v.

RICHARD M. SQUIRES,

        *Defendant-Appellant.*

---

**FOR APPELLEE:**                    Miroslav Lovric and Paul D. Silver,
                                     Assistant United States Attorneys, *for*
                                     Grant C. Jacquith, United States Attorney,
                                     Northern District of New York, Albany,
                                     NY.

1

**FOR DEFENDANTS-APPELLEES:**   Melissa A. Tuohey, Assistant Federal
Public Defender, *for* Lisa A. Peebles,
Federal Public Defender, Northern
District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 21, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Richard M. Squires ("Squires") appeals from a judgment of the District Court sentencing him principally to 30 years' imprisonment for sexual exploitation of a child, 18 U.S.C. §§ 2251(a), receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). Squires challenges his sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review sentences for both procedural and substantive reasonableness, applying a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)) (internal quotation marks omitted). Here, Squires contends that his sentence is substantively unreasonable because the District Court failed to account for his "history and characteristics, which were offered by the defense in mitigation and reduced the perceived need for lengthy incarceration." Squires Br. at 18. Though we have generally treated such challenges as pertaining to procedural rather than substantive reasonableness, *see, e.g.*, *United States v. Wagner-Dano*, 679 F.3d 83, 88-89 (2d Cir. 2012) ("Failure to consider the § 3553(a) factors constitutes procedural error."), the distinction is immaterial here because Squires's argument is unavailing regardless of how it is construed.

With respect to procedural reasonableness, "we presume 'that a sentencing judge has faithfully discharged [his or] her duty to consider the statutory factors.'" *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006)). District courts need not fill the record with "robotic incantations that [they have] considered each of the § 3553(a) factors," *Cavera*, 550 F.3d at 193 (internal quotation marks omitted), or "make specific responses to points argued by counsel in connection with sentencing," *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). In this case, the District Court stated that it had "considered all pertinent information, including but not limited to . . . the submissions of counsel . . . and all of the [§ 3553(a)] factors." J.A. 115; *see Bonilla*, 618 F.3d at 111 (affirming sentence as procedurally reasonable where district court used nearly identical language). And the District Court specifically highlighted Squires's "history and characteristics" as one reason for imposing a sentence below the

2

range recommended by the United States Sentencing Guidelines. J.A. 116. Accordingly, we see no procedural error here.

Nor can we conclude that Squires's sentence is substantively unreasonable. A sentence is substantively unreasonable "only in [those] exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). The purpose of our review for substantive reasonableness is not to substitute our view for that of the District Court, *id.*, but to "provide a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). In light of the particular facts of this case—which include sexual exploitation of several developmentally disabled minors and possession of 50,000 images and videos of child pornography—Squires's sentence, though lengthy, is within the range of permissible decisions.

## CONCLUSION

We have reviewed all of the arguments raised by Squires on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM the** December 21, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3