18-3354
*United States v. Diawara*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee,*

    v.                                      18-3354

ALPHA DIAWARA,

       *Defendant-Appellant,*

CHERELL TAYLOR,
       *Defendant,*

Appearing for *Defendant-Appellant*:        ALAN NELSON (James M. Branden, *on the brief*), New York, NY.

Appearing for *Appellee*:   ADAM S. HOBSON (Sarah K. Eddy, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 16, 2018 is **AFFIRMED**.

Defendant-Appellant Alpha Diawara appeals from a judgment of conviction in the United States District Court for the Southern District of New York following his guilty plea. Diawara pled guilty to several offenses related to a criminal conspiracy carried out with his wife, Cherell Taylor. The District Court sentenced Diawara to a total of 42 months' imprisonment, to be followed by three years of supervised release, and imposed a mandatory special assessment of $500. Diawara appeals the sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

The sole question before us is whether the sentence is substantively reasonable. We review for abuse of discretion a claim that a sentence was substantively unreasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Upon review for substantive unreasonableness, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the

institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (citations and quotation marks omitted). In giving due deference, we "provide relief only in the proverbial 'rare case.'" *United States v. Bonilla*, 618 F.3d 102, 109 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime" and "[w]e will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 188, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). We "may consider whether a factor relied on by a sentencing court can bear the weight assigned to it" under the totality of the circumstances in a case, but this review is similarly deferential. *Id.* at 191.

Diawara argues that there is a significant disparity between his sentence and his wife Taylor's. Diawara was sentenced to eighteen months' imprisonment on counts one through four, violations of 18 U.S.C. § 1349 (conspiracy to commit bank fraud), 18 U.S.C. § 1344 (bank fraud), 18 U.S.C. § 1029(a)(1) and (b)(2) (conspiracy to commit access device fraud), and 18 U.S.C. § 1029(a)(1) and (b)(1) (access device fraud). Taylor pled guilty to these same four counts pursuant to a plea agreement and was subsequently sentenced to the exact same eighteen months. The difference between Diawara's sentence and Taylor's is entirely attributable to the fact that Diawara, unlike Taylor, also pled guilty to the fifth

3

count of the superseding indictment, aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (b).  Aggravated identity theft carries a mandatory consecutive 24-month term of imprisonment, *see* 18 U.S.C. § 1028A(a)(1) and (b)(2), which the district court was statutorily required to, and did, impose on top of the eighteen months.

The district court did not create an unwarranted sentencing disparity, or otherwise err, by imposing the 18-month term of imprisonment on counts one through four in addition to the 24-month mandatory consecutive term of imprisonment on count five. Although Diawara contends that he should have received the same sentence as Taylor, he ignores the fact that, to the extent the district court had discretion in imposing a sentence — that is, in imposing a sentence on the four underlying conspiracy, bank fraud, and access device fraud counts, the Court did in fact impose the same sentence on both. With respect to the additional count to which Diawara pled guilty, the relevant statute mandates a 24-month consecutive sentence, and explicitly prohibits a sentencing court from lowering the punishment for other crimes to compensate for the imposition of that mandatory consecutive sentence.  18 U.S.C. § 1028A(b)(3); *see also United States v. Adekanbi*, 675 F.3d 178, 187 (2d Cir. 2012) ("The statute . . . required the court not to consider this mandatory minimum in determining the appropriate sentence for the other convictions.").  Moreover, although we do not require the sentencing court to consider disparities between co-defendants, *see United States v. Stevenson*, 834 F.3d 80, 84 (2d Cir. 2016), the court here did so.  At sentencing Judge Castel "considered the need to avoid

4

unwarranted sentence disparities … specifically with regard to Cher[e]ll Taylor." The court noted that Taylor pled guilty to different counts, which did not include "the count which carries the mandatory consecutive sentence."

When crafting the sentence, the court thoroughly discussed and considered the factors enumerated in 18 U.S.C. § 3553(a), as required. *See United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005). For example, Diawara concedes that the court "made a deep dive into [his] criminal history," which included 10 prior convictions, many for fraud-based offenses. The court observed that crimes such as Diawara's are "difficult to detect" and require a certain punishment to achieve deterrence, especially because Diawara presented a high risk for recidivism. The court also found it "disturbing" that "while the defendant was under pretrial supervision, the pretrial services officer reported that [the] defendant was found to have provided fraudulent documentation, including fake paystubs and assorted financial documents purporting to verify his employment." After also considering Diawara's background and family circumstances, the district court concluded that a sentence of 42 months was "sufficient but not greater than necessary to achieve the purposes of section 3553(a)." We detect no error in that conclusion.

We have considered Diawara's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court