*United States v. Grady*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.

PRESENT:
> JON O. NEWMAN
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                19-2227

SHAEEM GRADY, AKA SHAHEEM GRADY

> *Defendant-Appellant.*

| | |
|---|---|
| Appearing for *Defendant-Appellant*: | Courtenay K. McKeon, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY. |
| Appearing for *Appellee*: | Emily C. Powers and Geoffrey J.L. Brown, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, New York, NY. |

---

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 9, 2019 is **AFFIRMED**.

Defendant-Appellant Shaeem Grady appeals from an order of the United States District Court for the Northern District of New York revoking supervised release. After being convicted by a jury of three counts of drug-related offenses, Grady was sentenced to 75 months' imprisonment and a three-year term of supervised release. Approximately five months into the period of supervised release, Grady was convicted of multiple violations of the terms of that release, resulting in a sentence of two months' imprisonment followed by three years of supervised release. Shortly after Grady completed his two-month sentence, the United States Probation Office for the Northern District of New York (USPO) again petitioned the district court to revoke his supervised release, charging two new violations of the conditions of release. Following a hearing, the district court found Grady had violated a condition of his supervised release and imposed a sentence of five months' imprisonment to be followed by a new three-year term of supervised release. Grady appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**A. Criminal Procedure Rule 32.1 and Due Process**

Grady first argues that the district court violated due process by forcing him to choose between proceeding with a revocation proceeding or being remanded into custody while defense counsel marshalled mitigating evidence to rebut the allegations against Grady. We review claims of due process violations in supervised release proceedings de novo. *See United States v. Ramos*, 401 F.3d 111, 115 (2d Cir. 2005).

"This Court considers the constitutional protections for revocation of supervised release to be the same as those afforded for revocation of parole or probation." *United States v. Sanchez*, 225 F.3d 172, 175 (2d Cir. 2000). "The Supreme Court does not, however, attach to revocation proceedings the full range of procedural safeguards associated with a criminal trial, because a probationer already stands convicted of a crime." *Id.* (internal citation omitted). Revocation of supervised release proceedings are governed by Rule 32.1 of the Federal Rules of Criminal Procedure. Rule 32.1(a) provides for an "initial appearance" before a magistrate judge when a person is accused of violating conditions of supervised release. Fed. R. Crim. P. 32.1(a). This may occur either when the defendant is being held pursuant to an arrest warrant or when the defendant has been issued a summons to appear. *See id.*

At an initial proceeding where the defendant has been summonsed, the judge must inform the defendant of the allegations against him, and his right to retain counsel

3

or request that counsel be appointed. Fed. R. Crim. P. 32.1(a)(3). If the defendant has been arrested and is being held in custody for the violations, the defendant also has a right to a preliminary hearing under Rule 32.1(b)(1). In either scenario, "pending further proceedings," the judge "may release or detain the person under 18 U.S.C. § 3143(a)(1)." Fed. R. Crim. P. 32.1(a)(6). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." *Id.* Additionally, 18 U.S.C. § 3583(g), which governs supervised release terms included as part of a sentence, mandates revocation for refusal to comply with drug testing imposed as a condition of release.

Based on the forgoing, it was not a violation of due process for the district court to present Grady, at his initial appearance, with a choice either to go forward with a full revocation proceeding or to be remanded into custody. Grady appeared with counsel before an Article III district court judge, rather than a magistrate judge, and Grady was made aware of the alleged violations of his supervised release as required by Rule 32.1(a)(3). The court gave him the option of scheduling a revocation proceeding at a later date, which would have allowed for the defense to investigate the facts and collect any mitigating evidence. After consulting with counsel, Grady elected to go forward with the revocation proceeding rather than be remanded into custody. While prior conversations between the clerk and defense counsel may have caused some confusion, Grady's due process rights were not violated. Moreover, because Grady had appeared

4

on the morning of the hearing and presented the USPO with a diluted urine sample, and because Grady had been expelled from the residential reentry program that was a condition of his supervised release, the district court had reason to remand Grady into custody.

Grady also argues that once he chose to proceed with the revocation proceeding, the district court committed an array of errors that amount to violations of Rule 32.1 and his right to due process. We disagree. To the extent there was any error in the district court's sua sponte admitting a report from the residential reentry center Grady was dismissed from and allowing cross-examination without redirect, such error or deprivation was mooted when the district court disclaimed any reliance on that evidence and testimony. *See Sanchez*, 225 F.3d at 175 (noting probationers are not entitled to confront and cross-examine adverse witnesses when the hearing officer finds good cause for not allowing confrontation); *United States v. Aspinall*, 389 F.3d 332, 346 (2d Cir. 2004) (applying harmless error analysis to a court's failure to comply with Rule 32.1 and due process at a revocation proceeding). The district court repeatedly proclaimed it was sentencing Grady based solely on the second alleged violation of supervised release, a violation which Grady had admitted. When improprieties occurring at a revocation proceeding "hav[e] no bearing" on the court's ultimate findings, the errors are harmless. *Aspinall*, 389 F.3d at 346.

**B. Sentencing**

Finally, Grady argues that the sentence imposed was substantively and procedurally unreasonable. We assess a claim of procedural unreasonableness by determining whether the district court (1) identified the incorrect guidelines range, (2) treated the guidelines as mandatory, (3) failed to consider the Section 3553(a) factors, (4) selected a sentence based on clearly erroneous facts, or (5) failed adequately to explain the sentence. *Gall v. United States*, 552 U.S. 38, 45 (2007); *United States v. Rattoballi*, 452 F.3d 127, 131 (2d Cir. 2006).

Grady argues that the district court erred by relying on evidence not produced in court and related to past violations. Even assuming that is true, however, the district court's decision to do so does not amount to a procedural error. In a supervised release proceeding, a district court need not consider a violation in a vacuum. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008). Rather, the court can put the violation in the context of the defendant's actions "to determine the extent to which it reflected a betrayal of the court's trust." *Id.* at 132. Here, it was not improper for the district court to consider prior violations. *See also United States v. Edwards*, 834 F.3d 180, 195 (2d Cir. 2016) ("[I]t would make no sense to conclude that [Congress] intended to preclude courts from factoring . . . further violations into revocation decisions").

Nor was the sentence substantively unreasonable. "Upon review for substantive unreasonableness, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (citation and quotation marks omitted). In giving the sentencing judge the deference that is due, we "provide relief only in the proverbial 'rare case.'" *United States v. Bonilla*, 618 F.3d 102, 109 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime" and "[w]e will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 188, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks and citation omitted). We "may consider whether a factor relied on by a sentencing court can bear the weight assigned to it" under the totality of the circumstances in a case, but this review is similarly deferential. *Id.* at 191.

Grady was sentenced at the bottom of the guidelines range for the violation to which he admitted. In any event, any objection to the term of imprisonment has been mooted by Grady's completion of the time imposed, *see United States v. Blackburn*, 461 F.3d 259, 262-64 (2d Cir. 2006), so the only remaining challenge is to the additional three years of supervised release. Under the totality of the circumstances, including that this

7

was Grady's second violation of supervised release in rapid succession, this sentence is not unreasonable.  *Cavera*, 550 F.3d at 190.

We have considered Grady's remaining arguments and find them to be without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8